UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KAI KUNZ, ET AL.,                           )
Plaintiffs,                                 )          Civil Action No. 4:12-CV-40096
v.                                          )
                                            )
KELLER WILLIAMS REALTY, INC., ET AL.,       )
Defendants,                                 )

## PLAINTIFFS' FIRST AMENDED COMPLAINT
## PARTIES

1. The Plaintiff is Kai Kunz, a resident of the Commonwealth of Massachusetts with a mailing address of P.O. Box 21, Uxbridge, Massachusetts, 01569. (hereinafter, specifically referred to as "KK")

2. The Plaintiff is, William XI Properties Series, LLC, a corporate entity, duly organized under the laws of the State of Delaware, with a principal place of business located at Webster, Massachusetts.(hereinafter "WXI")

3. The Plaintiff is, Edward Ahern, a resident of the Commonwealth of Massachusetts with a mailing address of P.O. Box 215, Northbridge, Massachusetts, 01534. (hereinafter, specifically referred to as "EA")

4. The defendant is Keller Williams Realty Metropolitan, a corporation duly organized under the laws of the State of New Hampshire with a principal place of business located at 168

South Ware Road, Bedford, NH 03110, and their employees and agents. (hereinafter, Defendant "KWM")

5.   The defendant is Kelle O'Keefe, an individual who is a resident of the State of New Hampshire with a mailing address of 1 Ash Street, Greenville, NH, 03048.(hereinafter, "KO")

6.   The defendant is, Keller Williams Realty, Inc., a corporation duly organized under the laws of the State of Texas with a principal place of business located at 3701 Bee Cave Road., Suite 200, Austin, TX 78746. (hereinafter, Defendant "KWR")

7.   The defendant is, Richard Rawson, an individual who is a resident of the Commonwealth of Massachusetts with a mailing address of 33 Scenic Drive, Worcester, MA 01602. (hereinafter, Defendant "RR")

8.   The Defendant is Joseph Solans, an individual who is a resident of the Commonwealth of Massachusetts with a mailing address of 170 West Main Street, Groton, Massachusetts. (hereinafter, Defendant "JS")

9.   The defendant is, David Hill, an individual who is a resident of the Commonwealth of Massachusetts with a mailing address of 324 Grove Street, Worcester, MA 01605. (hereinafter, Defendant "DH")

10.  The defendant is, Massachusetts Property Assistance Trust, a corporate entity and trust, organized under the laws of the Commonwealth of Massachusetts, with a principal place of business located at 67 June Street, Worcester, Massachusetts, 01602, and their employees and agents. (hereinafter, MPAT)

11.  The defendant is, Home Savers, Inc., a corporation organized under the laws of the Commonwealth of Massachusetts, with a principal place of business located at 67 June Street, Worcester, Massachusetts, 01602,  and their employees and agents.(hereinafter, HSI)

12.  The defendant is, Laurie Spaulding, a resident of the Commonwealth of Massachusetts with a mailing address of 165 Cedar Street, Fitchburg, Massachusetts, 01420. (hereinafter, Defendant "LS")

13.  The defendant is, the Federal Home Mortgage Corporation, an entity of the United States of America. (FHM)

14.  The defendant is Twin City Developments, LLC, a public/private corporation duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business located at 470 Main Street, Fitchburg, MA 01420. (hereinafter, Defendant "TCD")

15.  The defendant is Shiela McQuinn, an individual who resides in the Commonwealth of Massachusetts, with a mailing address of 67 June Street, Worcester, Massachusetts, 01602. (hereinafter, Defendant "SM")

16.   The defendant is David Boudreau, an individual who resides in the Commonwealth of Massachusetts, with a mailing address of 253 Fernwood Drive, Gardner, MA 01440. (hereinafter, Defendant "DB")

17.   The defendant is Daniel Loring, an individual who resides in the Commonwealth of Massachusetts, with a mailing address of 44 Woods Lane, Lancaster, Massachusetts. (hereinafter, Defendant "DL")

18.   The defendant is Kevin McCarthy, an individual who resides in the Commonwealth of Massachusetts, with a mailing address of , Massachusetts. (hereinafter, Defendant "KM")

19.   The defendant is KDB Realty, a corporation duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business located at 253 Fernwood Drive, Gardner, MA 01440. (hereinafter, Defendant "KDB")

20.   The Defendant is David Bain an individual who resides in the Commonwealth of Massachusetts, with a mailing address of Worcester, Massachusetts.

21.   The Defendant is Apple Country Realty, Inc., a corporation duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business located at 63 Park Street, Ayer, MA 01432.(hereinafter, ACR)

22.   The Defendant is, Mark Kavanach, KWR and KWM agency owner, a corporation organized under the Laws of the State of Texas and New Hampshire, with a mailing address of 168 South Ware Road, Bedford, NH 03110.(hereinafter, MK)

23.   The Defendant is Michael Fronte, an individual who resides in the Commonwealth of Massachusetts, with a mailing address of 74 Abbott Street, Gardner, Massachusetts.

## JURISDICTION

24.   Plaintiffs seeks jurisdiction under 28 U.S.C. §1331, in that the complaint raises federal question jurisdiction, substantial issues of constitutional law and civil rights which arise under federal law, including federal common law. (see also, 28 U.S.C. 1343(a)(3)).

25.   Plaintiffs also assert diversity jurisdiction under 28 U.S.C. s. 1332(a)(1), in that the matter in controversy exceeds $75,000 .00 Dollars and is between citizens of different states.

26.   Plaintiffs respectfully request that this court exercise pendent or supplemental jurisdiction over any related claims set forth which arise from the same set of facts and circumstances in the action within such original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution. (see, 28 U.S.C. s. 1367)

27.   Federal Home Mortgage is a corporate entity created by the United States and organized and existing under the terms of the Emergency Home Finance Act of 1970, Pub. L.

No. 91-351, 84 Stat.450 (codified as amended at 12 U.S.C. §§ 1451-1459). Federal district courts have jurisdiction over any civil action, case, or federal law which creates and is a necessary element of a cause of action, controversy where Federal Home Mortgage is a party.

## FACTUAL ALLEGATIONS

28.   At relevant times to this complaint from approximately December 2007 to present, WXI and KK and owned certain real properties in Massachusetts which were the subject matter of their business of buying, selling, renting and developing real estate including;  #32-32A Ellsworth Street, Worcester, MA., #19 Ward Street, Worcester, MA., #215 Beacon Street, Worcester, MA, #217 Beacon Street, Worcester, MA, #32 Birch Street Worcester, MA, #69 Maywood Street, Worcester, MA., #71 Maywood Street, Worcester, MA., #476 Park Avenue, Worcester, MA., #5-7 Lowell Street, Worcester, MA.,  #348 Elm Street, Fitchburg, MA., #3-5 Johnson Street, Fitchburg, MA., #50-60 Prichard Street, Fitchburg, MA, #62-64 Prichard Street, Fitchburg, MA., #153 Prichard Street, Fitchburg, MA., #158 Prichard Street, Fitchburg, MA., #26-30 Crescent Street, Fitchburg, MA., #94-96 Daniels Street, Fitchburg, MA., 99-105 Church Street, Whitensville, MA., #107-111 Church Street, Whitensville, MA., #74 Abbott Street Gardner, MA., #7-11 Glazier Street, Gardner,  MA., #207-213 Park Street, Gardner, MA., #207-213 Park Street, Gardner, MA, #64-66 Mechanic Street, Leominster, MA., #129 S. Elm Street, Haverhill, MA., #6-8 Marion Street, Haverhill, MA. (hereinafter, "Kunz properties").

29.  Plaintiff, William XI Properties Series, LLC, (WXI) is a Delaware corporate entity, organized by and majority owned by Plaintiff, Kai Kunz, (Individually referred to as "KK" or collectively with WXI, as, "plaintiffs"), and is the record deed holder of the Kunz properties.

30.  Plaintiff Edward Ahern is/was an owner of certain real properties and is similarly situated, in many relevant aspects, to plaintiffs KK and WXI, by the actions of certain defendants.

31.  Plaintiffs in the ordinary course of business had a number of contracts with defendants and third parties and were the intended third party beneficiary of certain contracts where plaintiffs were not a party, in connection with their real estate business, including, rental contracts with tenants, contracts with utilities companies, contracts with construction/repair companies, contracts with real estate management companies, brokerage contracts and various closing contracts, promissory notes, loan modification contracts, and mortgage contracts with buyers, sellers, banks and lenders.

32.  KK had a partnership agreement and contract with one Michael Simmons which was known to defendants, to share profits and losses in real estate business, who at relevant times had various degrees of ownership interest in certain Kunz properties.

33.  At all relevant times to the complaint, defendants and their agents, DB, KDB, RR, JS, KO, DL, DH, KWM, KWR, Apple Country Realty, Inc. (ACR), TCD, MF, MPAT, and SM, were licensed real estate professionals in the Commonwealth of Massachusetts, who held real

estate brokerage licenses, and/or mortgage brokers licenses, and worked for KWM and KWR, and/or as KWR and KWM's authorized or apparent agents in the business of real estate, and owed plaintiffs a duty of care and a fiduciary duty, under statute, regulation and common law.

34.   At relevant times to this complaint, plaintiffs had a contracts and/or enforceable agreements with KWM [i.e. Maareco, LLC], KWR, and ACR, through their authorized and apparent agents, KO, DL, MK, RR, JS, DH, MF, SM and MPAT, to broker numerous Kunz properties, primarily from defendants' Bedford, New Hampshire Keller Williams real estate office owned in part by Mark Kavanach (MK), where KO worked, and other locations, whose actions were performed in the scope of their employment and in furtherance of defendants' interests.

35.   At all times relevant to this complaint, plaintiffs allege constitutional liberty,  and property rights violations under the 4th, 5th and 14th Amendments to the United States Constitution  by JS, RR, KO, MF, KM, LS, MPAT, SM, DB, KDB, DH, DL, and economic and non-economic damages by means of a continuous course of unlawful, unfair and deceptive business practices by defendants', including rent thefts, extortion, breaches of contracts and tortuous conduct, conversion, and abuse of process, a civil conspiracy that plaintiffs learned of in 2010, had started in 2008, and lasted through 2012.

36.   Plaintiffs aver that on divers dates, DB and KDB materially misrepresented to certain tenants that they were the lawful owner of properties owned by plaintiffs in Gardner, Massachusetts and/or their authorized agent, and unlawfully collected rents, misrepresented the

amounts of rents collected, forgave rents, converted rents and otherwise failed to pay plaintiffs,

account for or apply collected rents to the carrying costs of the properties or at closing, causing

damages in amounts exceeding $75,000.00 Dollars.

37.   On March 10, 2009, DB sent a letter to tenants at 7-11 Glazier Street, Gardner, 74

Abbott Street, Gardner, 207-213 Park Street, Gardner, Massachusetts, through his company

KDB, owned in name by Kelly Boudreau, fraudulently directing tenants to pay rent to his agent,

Michael Fronte, of MPAT, when rent payments were due and owing to plaintiffs, causing

damages in amounts exceeding $75,000.00 Dollars.

38.   Plaintiffs allege that on diverse dates, defendants RR, David Bain, DB, KDB, JS and

Michael Fronte, (MF), materially misrepresented to plaintiffs' tenants, their authority to collect

certain rents and in fact converted rents due and owing to plaintiffs to defendants' use and

control from 2008 through 2010, and willfully and knowingly caused specific properties

financial distress, by theft, vandalism and false health code complaints, resulting in financial

distress and short sales, and in certain cases, defendants RR, David Bain, DB, KDB, JS and MF,

unlawfully agreed with MPAT, SM, TCD  and other defendants and persons, to unjustifiably

acquire title or a beneficial interest in the specific properties upon short sale or otherwise.

39.   Plaintiffs aver that on divers dates, Defendant Kelly O'Keefe (KO), was an

authorized agent of KWR and KWM at a Keller Williams Real Estate agency in Bedford, New

Hampshire, and misrepresented material facts to plaintiffs, tenants, property appraisers, utility

companies, health boards, financial institutions, sellers, buyers and lenders, concerning the

property values, rental incomes and conditions, and unlawfully breached contracts, fiduciary

duties and entered into contracts without plaintiffs' authority, in support of KWM, KWR, JS,

DB, KDB, RR, MPAT, MF, TDC and SM, directly causing plaintiffs to suffer great economic

and non-economic loss and damages, through a scheme to defraud

40.  At relevant times to this complaint, RR was an authorized agent of KWM and KWR,

and RR entered into a contract to broker the sale of 69 Maywood Street, Worcester, MA.,

whereby, the lender, Coppleman, would apply the current rents to the existing mortgage with

Bay View Bank and Lehman Brothers, RR knowingly breached the contract and converted rents

to his own use and control, and consequently plaintiff lost the rents and the building through

foreclosure to Coppleman in excess of $75,000.00 Dollars.

41.  Plaintiffs aver that purchase and sales contracts for 3-5 Johnson Street, Fitchburg and

348 Elm Street, Fitchburg, and other properties were negotiated for sale to the City of Fitchburg

and other potential buyers by KWR, KWM, JS, TDC and RR, without a listing agreement,

without plaintiff's authority and defendants KO, JS, RR, MF, DL SM, KM, DL, DB and LS,

fraudulently and deceptively caused the City of Fitchburg to condemn these properties, causing

foreclosure sales and/or short sales to a Fitchburg governmental affordable housing entity, TCD,

and entities that certain defendants had a beneficial interest in.

42.  Plaintiffs allege that on divers dates, RR, as an authorized agent of KWM, KWR,

KDB and ACR, and his agents and assigns, signed purchase and sales agreements in plaintiffs'

names without legal authority, power of attorney or consent and RR converted rents in an unfair

and deceptive business practice and otherwise egregiously worked against plaintiffs interests in violation of  contracts, laws and fiduciary duties owed.

43.  Plaintiff alleges in July 2009, RR without disclosing to plaintiffs, unlawfully and without authority, created an exclusive right to sell 348 Elm Street, Fitchburg, Massachusetts, contract with RR as seller, at a time plaintiff owned the property. A relevant tenant affidavit of November 2009, indicates that RR signed an exclusive right to sell without authority.

44.  MPAT, the defendant corporate trust controlled by SM, was the predecessor and agent of Defendant Home Savers, Inc., (HSI), which entered into contracts with plaintiffs whereby defendants SM, HSI, and MPAT, and agents, were paid by plaintiffs $750.00 Dollars per month, to perform loan modifications on plaintiffs' behalf, and in this regard owed plaintiffs a fiduciary duty and a legal duty of reasonable care and contractual duty good faith and fair dealing.

45.  At relevant times to this complaint between 2007 through 2011, Plaintiff  had contracts with Ronald McQuinn, SM, MPAT, DB, RR, JS, and KO to complete certain loan modifications (loan modification services contract), through identified banking institutions to create financial stability in each property. Plaintiffs allege defendants intentionally and negligently misrepresented material facts concerning the completion of loan modifications, the progress and timing of specific loan modifications, the financial information provided to banks, appraisers, buyers and sellers, and otherwise failed to complete loan modification services for plaintiffs ,as contracted for, and charged plaintiffs approximately $100,000.00 in fees.

46. Plaintiffs aver that defendants, without mortgage expert qualifications, and without proper potential conflicts of interests disclosures, materially misrepresented facts on loan applications and appraisals, charged fees for loans that were not closed, worked to defeat loan modifications to increase their broker fees and otherwise breached the contracts for loan modifications services and fiduciary and legal duties owed, causing plaintiffs to suffer great damages and loss in excess of $75,000.00 Dollars.

47. Plaintiffs allege that KWM, KWR's employee KO introduced plaintiffs to JS, RR and DB, as property sellers in a number of property transactions and conveyances, and by means of material misrepresentations, fraud, breach of contracts, unfair and deceptive business practices and unauthorized rent conversions, including alleged theft, defendants engaged in a fraudulent and deceptive scheme to defraud plaintiffs' business.

48. KK avers that JS entered KK's home on one occasion and threatened him to give up and or sell to him two properties in Fitchburg under extremely disadvantageous terms to plaintiffs, and KO conspired with JS to threaten, intimidate and coerce, in many different ways, plaintiffs from accepting or rejecting pending real estate deals with unfavorable terms to plaintiffs. On another date(s), EA and KK were threatened in RR's home by JS, and by KM on divers dates.

49. Plaintiff's aver that, Defendants KWR, KWM, DH, DL, ACR, JS, DB, KDP, KO, MF, David Bain, SM, MPAT and RR on divers dates, intentionally and negligently misrepresented the condition of the properties and/or substantially caused waste and damage to

certain of plaintiffs' properties, and then, certain defendants called plaintiffs and city officials to complain about the conditions, causing code violations to issue, and causing further financial and legal coercion to fraudulently necessitate short sales and/or foreclosures, which defendants intended to, and in some cases in fact, profited from.

50.   At all relevant times, defendants have failed and refused to disclose, discuss, report or provide documentary proof or to verify rent collection(s), (rent rolls), has caused the destruction of financial information on certain properties, including records of unexplained utility payments, conveyance documents, mortgage loan documents, KWR brokerage contracts, brokerage listing agreements, HUD Statements, bank account(s) information, and other documents, after repeated inquiries by plaintiffs with police departments, Attorneys General Office, Massachusetts Board of Realtors, and KWR, KWM, ACR, DL, DH, RR, JS, KO,  LS, KM, MF, SM, DB, MPAT, TCD, and David Bain.

51.   Plaintiffs allege that at relevant times, they were fraudulently induced and coerced by to accept unfavorable contract terms by defendants' unfair and deceptive conduct, for example, when MPAT was deeded property under the Federally regulated loan program, SM and MPAT would not file the deed, and would rent the property in plaintiffs' name and subject plaintiffs to liability for such items as utilities, taxes and code violations, and fail to properly account for the rents.

52.  SM, MPAT, KO, DL, JS, KWR, RR, DB, TCD and other defendants, negotiated with various banks, buyers and sellers to fraudulently facilitate short sales and foreclosure sales

of Kunz properties, without plaintiffs' authority or consent, negligently and intentionally

misrepresenting the material facts of ownership, condition of the properties, plaintiffs' consent,

fair accounting, good faith and when plaintiff refused the short sale contracts proffered by

defendants KWR, JS, RR, KO, KM, SM, MPAT and others, defendants would place undue

pressure, duress and harassing conduct to intimidate plaintiffs into agreeing to these planned

emergency sales to reap the highest broker fees and not serve the best interests of their client.


53.   In October 2011, there was a Telegram & Gazette article concerning Fitchburg

Police Sergeant Jackson, who with information substantially supplied by certain defendants, had

criminally charged KK with a noisy and disorderly home, due to the condition of the home

caused by tenants and some defendants.   KK avers that the criminal complaints filed against him

by Fitchburg and by KM in Haverhill, and LS, involve defendants' ulterior motives to threaten

and intimidate plaintiffs to acquiesce to the disadvantageous real estate dealings with defendants

and were filed maliciously, in bad faith and without probable cause.


54.   Plaintiff EA alleges that RR fraudulently put utilities in EA's name and otherwise

caused plaintiffs to suffer substantial monetary damages due to RR's and defendants' intentional

and negligent misrepresentations.


55.   Plaintiffs allege that LS, MPAT, SM and MF caused KK's unlawful arrest, by LS,

without legal authority and under color of state law, transported him to Gardner District Court,

for an un-served civil capias, in violation of KK's constitutionally protected liberty rights, and

with the ulterior motive to harass, discredit and intimidate KK from reporting illegal activities of defendants KWR, RR, JS, DB, KO, MF, MPAT, and others.

56.   After October 25, 2012, KK learned that KM may be indicted, and KK may be a Commonwealth  witness  in an Essex County Grand Jury proceeding, for among other charges, filing a false police report, concerning a false police report against KK for assault, in Haverhill District Court, which is currently pending, and which constitutes newly discovered evidence.

## CAUSES OF ACTION

### COUNT I
**(Breach of Contract)**

57.   Plaintiffs repeat and reallege the allegations contained in paragraphs one through 56, as if fully set forth herein.

58.   At all relevant times to this complaint, there were various contracts between plaintiffs and defendants KWM, KWR, DL, KO, RR, JS, DB, KDB, MPAT, TCD, , and contracts with third parties, known to defendants and plaintiffs, who were intended third party beneficiaries of certain contracts, and on divers dates and through a fraudulent and deceptive course of business practices, defendants breached the contracts with plaintiff's by misrepresenting material contract terms and conditions, taking rents belonging to plaintiffs, threatening and coercing plaintiff to accept certain short sale transactions which were caused and/or facilitated by defendants unlawful conduct in breach of the contracts.

59.  At all relevant times to this complaint, there was a manifestation of mutual assent to be bound to specific contracts and agreements with respect to the Kunz properties, coupled with consideration and performance which evidences breach of contracts by defendants directly causing plaintiff to suffer business damages.

WHEREFORE, plaintiffs demand judgment against defendants for breach of contract under Massachusetts law in privity with defendants and/or as intended third party beneficiaries of contracts, and seeks an award of all damages which flow from the contract, including benefit of the bargain damages, compensatory damages, consequential damages, business damages, property damages, punitive damages, contract damages, attorneys fees, costs of the litigation and any such other relief or damages as the court may deem just and proper.

## COUNT II
### (Conversion)

60.  Plaintiff restates the allegations contained in paragraphs 1 through 59.

61.  At times relevant to the complaint from 2007 through 2010, defendants DB, MF, RR, KDB, KO, David Bain and KWR, wrongfully exercised of dominion or control over the personal property of plaintiff, to wit, rent payments from plaintiffs' tenants, and  intentionally and/or wrongfully exercised acts of ownership, control or dominion over said rent payments from plaintiffs' commercial residential real estate tenants, to which defendants had no right of possession at the time, without right, and thereby deprived the rightful owner (plaintiffs) of its use and enjoyment, and, KWR, KWM, MPAT, ACR, TDC, MK, DL and DH, failed to supervise

the unfair and deceptive activities of their employees and agents, and substantially contributed to the course of conduct by acts and omissions, which caused plaintiffs' damages.

WHEREFORE, plaintiffs demand judgment against defendants for conversion and seeks an award of  compensatory damages, consequential damages, business damages, property damages, punitive damages, contract damages, attorneys fees, costs of the litigation and any such other relief or damages as the court may deem just and proper.

## COUNT III
### (RICO Violations)

62.  Plaintiff restates the allegations contained in paragraphs 1 through 61.

63.  At times relevant to the complaint, plaintiffs alleged defendants KWR, KWM, KO, DH, DL, JS, RR, DB, KDB, MF, MPAT, SM and TCD, engaged in the conduct of an enterprise, and who engaged in a pattern of racketeering activity,  in violation of 18 U.S.C. § 1961, et seq.

64.  Plaintiff cites the following specific events and/or predicate acts of two or more defendants who combined to engage in a pattern of racketeering activity from 2007-2010.  DB is alleged to have been engaged in theft of over $75,000.00 Dollars of rents from various Kunz properties in Gardner, Massachusetts.  RR is alleged to have been engaged in theft of over $75,000.00 Dollars of rents from various Kunz properties in Fitchburg, Haverhill, Whitensville, and Worcester, Massachusetts.  MF is alleged to have been engaged in theft of over $75,000.00

Dollars of rents from various Kunz properties in Gardner, Fitchburg, Haverhill and Worcester, Massachusetts.  In connection with these properties where rents were unlawfully taken and converted by defendants, there was a pattern of financial misrepresentations by KWR, KWM, KO, RR, JS, DL, DH, DB, KDB, ACR, MK, MF and SM, which unlawfully caused plaintiff's financial loss and damages. Plaintiffs also allege that on diverse dates, defendants' negotiated with other defendants and third parties and signed contracts for purchase and sale on behalf of plaintiffs, without voluntary authority or consent, in breach of agreed contract performance terms, which coupled with rents taken, resulted in plaintiffs losing many of the Kunz properties to foreclosure and/or short sale.

65.  At relevant times,  defendants contracted with plaintiffs to perform loan modifications services for existing Kunz properties and by undertaking this duty, and agreeing to perform loan modifications, and then engaging in an unlawful pattern of racketeering activity of not performing and closing loans or providing good faith loan modifications services, tacit agreements with defendants taking rents, misrepresentations about rental incomes, code violations, conditions, and other unlawful conduct, caused financial distress and forced plaintiffs to accept extremely unfavorable short sale terms, where defendants unjustly benefitted.

WHEREFORE, plaintiffs demand judgment against defendants for civil RICO violations under 18 U.S.C. § 1961, et seq., plaintiffs' private right of action, and seeks an award of compensatory damages, consequential damages, business damages, property damages, punitive damages, pecuniary damages, contract damages, attorneys fees, restitution, creation of

constructive trust, costs of the litigation, and any such other relief or damages as the court may deem just and proper.


## COUNT IV
### (Interference With Contractual Relationships and Prospective Economic Advantage)

66.  Plaintiff restates the allegations contained in paragraphs 1 through 65.


67.  Plaintiff  had business relationships and contracts for an economic benefits with defendants and third parties known to defendants, such as contracts for purchase and sales of Kunz properties, loan modification services, brokerage contracts, property appraisal contracts, HUD statements/agreements, contracts with local utilities, management contracts and others.


68.  At all relevant times to this complaint, Plaintiffs had contracts with Local Housing Authorities, and HAP contracts with HUD tenants and contracts with HUD for Section 8 Housing leases with named tenants. All contracts plaintiffs had with third parties were known by defendants on the continuing date(s) of their unlawful and tortuous interference.


69.  Defendants' directly interfered with, misappropriated funds such as rents paid and knowingly induced third parties to break the existing contracts, breach contracts and force plaintiff to agree unfavorable contract terms, misrepresenting without authority plaintiffs financial date and willingness to accept contract terms, and such interference was intentional, knowing and improper in motive and means, and as a direct result, plaintiff was caused to suffer loss and damages.

WHEREFORE, plaintiffs demand judgment against defendants for intentional and tortuous interference with contractual relations, their prospective economic advantage and their long term business relationships, and seek compensatory damages, actual damages, pecuniary damages, exemplary damages, punitive damages, restitution, attorneys fees , costs of litigation, and award any such other damages as this court may deem just and proper.

## COUNT V
## (Violation of M.G.L.A. c.93A s.11)

70.  Plaintiff restates the allegations contained in paragraphs 1 through 69.

71.  At all relevant times plaintiffs and defendants were businesses and persons engaged in trade and commerce in the Commonwealth of Massachusetts under M.G.L.A. c.93A s.11.

72.  General Laws c. 93A, § 2(a), inserted by St. 1967, c. 813, § 1, declares unlawful any "unfair or deceptive acts or practices in the conduct of any trade or commerce." Liability under G. L. c. 93A, § 9, requires two elements: the conduct must be an unfair or deceptive act or practice, and the act or practice was a foreseeable cause of injury to the plaintiff.  Plaintiffs allege defendants, as described in this complaint, engaged in willful deception, and fraudulent and deceptive business practices and seeks multiple damages under as required by G. L. c. 93A, § 11.

73.   Defendants acted in an unfair or deceptive manner in violation of G. L. c. 93A, §11, by exploiting the timing of their decision not to complete loan modifications services, taking rents, and misrepresenting material information and contract terms, in an attempt to force unwanted additional credit terms and contract terms, such as foreclosure and short sales, on plaintiffs, with bad motive and intent, and constitutes a fraudulent and deceptive business practice in trade or commerce in the Commonwealth of Massachusetts, and is "unethical and unscrupulous", within the meaning of M.G.L.A. c.93A s.11, and permits plaintiffs to recover treble damages and attorney's fees and other statutorily permitted damages and relief.  Plaintiffs allege that the misuse of legal process to obtain a commercial advantage, as was done in this case, has long been recognized as a violation of Chapter 93A.

WHEREFORE, plaintiffs demand judgment against defendants for violation of M.G.L.A. c.93A s.11, and seeks damages, multiple damages, treble damages and attorney's fees, compensatory damages, punitive damages, consequential damages, restitution, and other statutorily permitted damages and relief, and any such other damages and relief as the court may deem just and proper.

**COUNT VI**
**(Negligence)**

74.   Plaintiff restates the allegations contained in paragraphs 1 through 73.

75.  Plaintiffs allege that at relevant times to the complaint, that they owed a legal, statutory and fiduciary duty to plaintiffs in connection with certain real estate contracts of the Kunz properties from 2007 through 2011.

76.  That duty included the duty of reasonable care, the duty to perform one's professional role within regulatory and ethical guidelines , the duty to supervise apparent and authorized agents from engaging in fraudulent and deceptive business practices under the circumstances, and the duty to refrain from fraud, theft and misrepresentations in connection with a number of transactions,  and defendants breached their duties owed to plaintiff and as a direct and proximate result caused plaintiff to suffer business damages and other damages and loss.

WHEREFORE, plaintiffs demand judgment against defendants for negligence and gross negligence, and seeks compensatory damages, punitive damages for gross negligence, consequential damages, pecuniary damages, restitution, and any such other damages and relief as the court may deem just and proper.

## COUNT VII
### (Constructive Trust)

77.  Plaintiff restates the allegations contained in paragraphs 1 through 76.

78.  Under Massachusetts law, a court will declare a party a constructive trustee of property for the benefit of another if he acquired the property through fraud, mistake, breach of duty, or in other circumstances indicating that he would be unjustly enriched. Plaintiff alleges

that with respect to any claimed defendant real estate trusts such as, TCD, MPAT and KDB Realty, that in connection with the unlawful, fraudulent and deceptive business practices as alleged above, that a constructive trust be imposed on the assets of the defendants' related to the real estate transactions and defendants' unlawful activity.

79.   A constructive trust is a court-imposed device, essentially remedial in purpose, to achieve equitable restitution, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession, to prevent unjust enrichment invariably based on the defendants' improper acquisition and alienation of the Kunz properties.

WHEREFORE, plaintiffs demand judgment against defendants and seek a constructive trust  to prevent unjust enrichment, declaratory relief, restitution, other equitable relief and any such other damages and equitable relief as the court may deem just and proper.

## COUNT VIII
### (Promissory Estoppel)

80.   Plaintiff restates the allegations contained in paragraphs 1 through 79.

81.   At relevant times to the complaint, defendants on divers dates, induced plaintiffs by representations, bargaining, or other conduct, to rely upon an apparent commitment to its detriment.

82.   Plaintiffs' claim equitable relief from the detrimental reliance on defendants' divers offers or promises that reasonably induced plaintiffs to act, and therefore is enforceable as a contract in the same manner as any other contract to the extent necessary to avoid injustice.

83.   Plaintiffs aver that facts falling short of deceit, bad faith or actual fraud may constitute conduct contrary to general principles of fair dealing and to the good conscience which ought to actuate individuals and which it is the design of courts to enforce.

84.   Plaintiffs allege that as a direct and proximate result of plaintiffs reasonable detrimental reliance on defendants offers and promises, they were caused to suffer great monetary damages, business damages, property damages and damage to credit.

## COUNT IX
## (Malicious Prosecution)

85.   Plaintiff restates the allegations contained in paragraphs 1 through 84.

86.   Plaintiff KK avers that in Haverhill, Massachusetts in October 2011, Defendant Kevin McCarthy, instituted process with an improper, untrue and bad faith motive to economically and mentally injure plaintiff by falsely alleging plaintiff had engaged in criminal conduct, to wit, assault and battery.

87.   Plaintiffs allege that, JS, MPAT, MF, KM, LS, RR, KWR, DB and KO, instituted process against plaintiffs in the form of false health code complaints, false police reports, false

arrests, criminal complaint applications, criminal charges, with an improper, untrue and bad faith

motive to economically and mentally injure plaintiff.


WHEREFORE, plaintiffs demand judgment against defendants for malicious

prosecution, and seeks, multiple damages, attorneys fees, compensatory damages, punitive

damages, consequential damages, restitution, and other statutorily permitted damages and relief,

and any such other damages and relief as the court may deem just and proper.


### COUNT  X
### (Abuse of Process)

88.  Plaintiff restates the allegations contained in paragraphs 1 through 87.


89.  Plaintiffs allege that on relevant dates between 2008 through 2011, that legal process

was used by defendants JS, RR, MF, LS and KM, against plaintiff KK, for an ulterior or

illegitimate purposes, which was not the legitimate purpose of the particular process employed,

resulting in great business damages and personal damages to plaintiffs.


WHEREFORE, plaintiffs demand judgment against defendants for abuse of process, and

seeks, multiple damages, attorneys fees, compensatory damages, punitive damages,

consequential damages, restitution, and other statutorily permitted damages and relief, and any

such other damages and relief as the court may deem just and proper.


### COUNT XI
### (Violation of M.G.L.A. c.12 s.1II and I1H)

90.  Plaintiffs repeat the allegations contained in paragraphs one through 89.

91.  Plaintiffs constitutional due process rights, property rights, privacy rights and liberty rights to equal protection of the laws under the 5th Amendment, 9th Amendment and 14th Amendments to the United States Constitution and under federal law, were violated and interfered with, and attempted to be interfered with by defendants by means of threats, intimidation and coercion in violation of M.G.L.A. c.12 s.11I and 11H.

92.  Plaintiffs allege that the interference and attempted interference with plaintiffs' constitutionally protected rights, was carried out by defendants with deliberate indifference to plaintiffs clearly established rights under the United States Constitution, as well as state and federal law, and constitutes a violation of the Massachusetts Civil Rights statute. M.G.L.A. c.12 s.11I and 11H.

93.  As a direct and proximate result of defendants 'violation of the Massachusetts Civil Rights statute, plaintiff was caused to suffer direct and immediate violation of his constitutional and civil rights, serious personal injuries including emotional distress, and great monetary damages and business damages.

WHEREFORE, plaintiffs demand judgment against defendants for violation of M.G.L.A. c.12 s.11I and 11H, and seeks compensatory damages, statutory damages, punitive damages, costs of the action and attorneys fees, and any such other economic and non-economic damages as this court may deem just and proper.

## COUNT XII
### (Breach of Duty of Good Faith and Fair Dealing)

94.  Plaintiffs repeat the allegations contained in paragraphs one through 93.

95.  The implication of a duty of good faith and fairness in the performance of existing terms and the creation of new terms is that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

96.  Defendants' conduct of fraudulently converting rents, breaching fiduciary duties, breaching contracts, malicious prosecution, abuse of process, violation of constitutional rights, misrepresentation of material facts, gross negligence, and KWR and KWM, and their agents' failure to supervise unlawful actions and omissions constitutes a violation of defendants' duty of good faith and fair dealing implied in all Massachusetts contracts.

WHEREFORE, plaintiffs seek judgment against defendants for breach of the duty of good faith and fair dealing, and seek monetary damages, contract damages, all damages which flow from the breach of contracts, compensatory damages, consequential damages, punitive damages,  and any such other economic and non-economic damages as this court may deem just and proper.

## COUNT XIII
### (Negligent Misrepresentation)

97.  Plaintiffs repeat the allegations contained in paragraphs one through 96.

98.  Plaintiffs allege that under Restatement (Second) of Torts Section 552B (1) (1977),

plaintiffs would be entitled to recover damages equal to the difference between the value of what they received in each real estate transaction of the Kunz properties, and the purchase price, plus any other pecuniary loss suffered as a consequence of their reliance on the misrepresentation.

WHEREFORE, plaintiffs seek judgment against defendants for negligent misrepresentation and detrimental reliance, and seek monetary damages, compensatory damages, consequential damages, pecuniary damages, punitive damages, attorneys fees, and any such other economic and non-economic damages as this court may deem just and proper.

**REQUEST FOR JURY TRIAL**

Plaintiff demands a jury trial pursuant to Fed. R. Civ. P. Rule 38, on all issues so triable.

Respectfully submitted
Kai Kunz, Plaintiff
By his attorney,

/s/ David E. Ashworth, Esq.
_____

David E. Ashworth, Esq.
11 Pleasant Street
Worcester, MA 01609
(508) 753 9199
BBO# 549850