UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EDWARD AHERN, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 12-40096-TSH |
| ANTHONY SCOLA, et al. | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### October 22, 2014

Hennessy, M.J.

By Order of Reference dated May 30, 2014, pursuant to 28 U.S.C. § 636(b)(1)(B) (Docket #69), this matter was referred to me for a report and recommendation on Defendants Kelle O'Keefe, Daniel Loring, Apple Country Realty, Mark Kavanagh,[1] and Keller Williams Realty, Inc.'s Motion to Dismiss. (Docket #58). An opposition to that motion has been filed (Docket #68). This matter is now ripe for adjudication. For the reasons that follow, I RECOMMEND that the Motion to Dismiss be ALLOWED.

I. BACKGROUND

Plaintiffs Kai Kunz and Edward Ahern filed this action on August 8, 2012. (Docket #1). The Complaint, which named twenty-six defendants, asserted, *inter alia*, conspiracy, fraud, attempted murder, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), kidnapping, and extortion. (Id.). On August 27, 2012, the Court issued a Memorandum and Order granting Kunz and Ahern leave to proceed *in forma pauperis* and

---

[1] Defendants indicate that the Plaintiffs have misnamed Defendant Kavanagh in their papers. (Docket #58 at 1 n.1).

directing them to demonstrate within thirty-five days good cause why the action should not be dismissed. (Docket #7). Kunz and Ahern were also directed to file within thirty-five days an amended complaint comporting with the pleading requirements of Federal Rule of Civil Procedure 8. (Id.). On October 25, 2012, the Court dismissed the case in light of the failure of Kunz and Ahern to comply with the August 27, 2012 Memorandum and Order. (Docket #10).

On November 30, 2012, Kunz moved to vacate the dismissal after retaining Attorney David E. Ashworth. (Dockets #12, 13). Kunz attached a proposed amended complaint to the motion. (Docket #12-1). On December 20, 2012, the Court granted the motion to vacate, but ruled that the proposed amended complaint would not be entered on the electronic docket at that time as the Court noticed several inconsistencies in the signature lines of the documents filed by Attorney Ashworth. (Docket #17). The Court ordered Attorney Ashworth to file within fourteen days an amended complaint on behalf of the plaintiffs that he was engaged to represent. (Id.). On January 2, 2013, Ahern moved to vacate the dismissal after also retaining Attorney Ashworth.[2] (Docket #20). Ahern attached a proposed amended complaint to the motion. (Docket #20-1). In the January 2, 2013 motion, Ahern and Kunz also moved to vacate the Court's August 27, 2012 Memorandum and Order permitting them to proceed *in forma pauperis*. (Docket #20). The Court granted this motion on January 3, 2013. (Docket #21).

On February 1, 2013, Plaintiffs Kunz, Ahern, and Williams XI Properties Series, LLC ("William XI") (collectively "Plaintiffs") filed an Amended Complaint naming twenty defendants (collectively "Defendants"). (Docket #23). According to the Amended Complaint, Kunz and William XI purchased twenty-six properties ("Kunz Properties") in connection with

---

[2] In both motions to vacate, Attorney Ashworth states that he represents William XI Properties, LLC, a plaintiff in the action. (Dockets #12, 20). However, William XI Properties, LLC was not named as a plaintiff in the original Complaint. (Docket #1).

their business of buying, selling, renting, and developing real estate. (Id. at ¶ 28). Ahern also owned certain real properties and is described as "similarly situated in many relevant aspects, to plaintiffs [Kunz] and [William XI], by the actions of certain defendants." (Id. at ¶ 30). The Amended Complaint does not identify any of the properties owned by Ahern.

Defendants are licensed real estate professionals and their agents, and worked for Defendants Keller Williams Realty Metropolitan and Keller Williams Realty, Inc. (Id. at ¶ 33). Plaintiffs had contracts or enforceable agreements with various Defendants to broker numerous Kunz properties. (Id. at ¶ 34). This case stems from real estate transactions concerning the various Kunz properties.

Plaintiffs assert thirteen counts in their Amended Complaint: breach of contract (Count I), conversion (Count II), violations of RICO (Count III), interference with contractual relationships and prospective economic advantage (Count IV), violation of Mass. Gen. Laws ch. 93A, § 11 (Count V), negligence (Count VI), constructive trust (Count VII), promissory estoppel (Count VIII), malicious prosecution (Count IX), abuse of process (Count X), violation of Mass. Gen. Laws ch. 12, §§ 11H and 11I (Count XI), breach of the duty of good faith and fair dealing (Count XII), and negligent misrepresentation (Count XIII).

On March 10, 2014, the undersigned entered a report and recommendation on Defendants Twin Cities Development, LLC and David Hill's Motions to Dismiss. (Docket #54). The undersigned recommended that the Amended Complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's Memorandum and Order of August 27, 2012. (Id. at 9). On March 26, 2014, Judge Hillman adopted the Report and Recommendation over Plaintiffs' objection and granted Defendants Twin Cities Development, LLC and Hill's Motions to Dismiss. (Docket #57).

Defendants O'Keefe, Loring, Apple Country Realty, Kavanagh, and Keller Williams Realty, Inc. now seek to dismiss the Amended Complaint. (Docket #58).

II.     STANDARD

Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Phelps v. Local 0222, No. 09-11218-JLT, 2010 U.S. Dist. LEXIS 88007, at *13 (D. Mass. Aug. 20, 2010) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)). In addition, the pleadings must afford the defendants "a meaningful opportunity to mount a defense." Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 123 (1st Cir. 2004) (quotation omitted).

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007). "Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (quoting Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008)). There lies an exception to this rule "for documents the authenticity or which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents

sufficiently referred to in the complaint." Id. (quoting Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001)).

To survive a motion to dismiss, a plaintiff must "state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). Despite this generous standard, "Rule 12(b)(6) is not entirely a toothless tiger . . . [t]he threshold for stating a claim may be low, but it is real." Dartmouth Rev. v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989) (quotation omitted). The complaint must therefore "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988); see DM Research, Inc. v. Coll. Of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (explaining that the complaint must "allege a factual predicate concrete enough to warrant further proceedings").

Although the complaint need not provide "detailed factual allegations," Twombly, 550 U.S. at 555, it must "amplify a claim with some factual allegations . . . to render the claim plausible," Iqbal v. Hasty, 490 F.3d 143, 157–58 (2d Cir. 2007). Thus, the complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 550 U.S. at 555); see Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (explaining that, to

5

survive a Rule 12(b)(6) motion, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why"). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Dismissal is appropriate if a plaintiff's well-pleaded facts do not "possess enough heft to show that [the] plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

III. ANALYSIS

Defendants argue that the Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) because Plaintiffs failed comply with the Court's Memorandum and Order of August 27, 2012. (Docket #59 at 2-3). Rule 41(b) provides that "[i]f the plaintiff fails to . . . comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Id. "Dismissal with prejudice is a harsh sanction, which runs counter to our strong policy favoring the disposition of cases on the merits. . . . [S]uch an option should be employed only when a plaintiff's misconduct is particularly egregious or extreme." Benjamin v. Aroostook Med. Ctr., 57 F.3d 101, 107 (1st Cir. 1995) (internal quotations and citations omitted). The First Circuit has recognized that disobedience of court orders comprises "extreme misconduct" warranting dismissal. Vazquez-Rijos v. Anhang, 654 F.3d 122, 127-28 (1st Cir. 2011).

In the Court's August 27, 2012 Memorandum and Order, the Court required Plaintiffs to file an Amended Complaint curing the Federal Rule of Civil Procedure 8 pleading deficiencies of

6

the original complaint. (Docket #7 at 11). The Court gave Plaintiffs the following directive and warned them that failure to comply would result in dismissal of the action:

> Further, in any Amended Complaint, Plaintiffs must set forth the claims against each Defendant separately, giving a brief statement of the legal cause of action, and the underlying facts in support (that is, the "who, what, when, where and why" information). Plaintiffs may not rely on exhibits to set forth their claims, and the Amended Complaint must give sufficient notice to each of the Defendants as to the sum total of the claims against them and the bases for the claims. Plaintiffs are warned that they will not be given additional opportunities to file claims ad seriatim; they will be afforded only one opportunity to comply with the directives contained in this Memorandum and Order. Any Amended Complaint that does not comply strictly with the directive contained herein will result in a dismissal of this action.

(Docket #7 at 11-12). Plaintiffs' Amended Complaint fails to comply with the Court's Order.

The Court clearly ordered Plaintiffs to give sufficient notice to each of the Defendants as to the total number of claims against them. Plaintiffs have failed to do so. The Amended Complaint names twenty Defendants. Counts IV, V, VI, XI, XII, and XIII of the Amended Complaint simply refer to violations by "defendants."[3] Two of the Defendants, Home Savers, Inc. and the Federal Home Mortgage Corporation, are not named in any of the Counts. Additionally, there are no factual allegations anywhere in the Amended Complaint concerning Defendant Federal Home Mortgage Corporation, beyond the fact that is "an entity of the United States of America."[4] Thus, Defendants and the Court for that matter are left guessing as to the actual claims that a Defendant faces.

---

[3] Count VIII also does not specify to which Defendants it is directed. However, Count VIII, which addresses promissory estoppel, is not a cause of action, but is, instead, a form of relief. Count VII, entitled "Constructive Trust," is also not a cause of action.

[4] The only mention of Defendant Federal Home Mortgage beyond it being listed as a Defendant, is in the jurisdictional section, where Plaintiffs allege that "[f]ederal district courts have jurisdiction over any civil action, . . . where Federal Home Mortgage is a party." (Docket #23 at ¶ 27).

7

Plaintiffs were also ordered to set forth the claims against each Defendant separately. Plaintiffs have also failed to comply with this directive. For example, in Count I of the Amended Complaint, Plaintiffs allege:

> At all relevant times to this complaint, there were various contracts between plaintiffs and defendants KWM, KWR, DL, KO, RR, JS, DB, DBD, MPAT, TCD[,][5] and contracts with third parties, known to defendants and plaintiffs, who were intended third party beneficiaries of certain contracts and on divers dates and through a fraudulent and deceptive course of business practices, defendants breached the contracts with plaintiff's [sic] by misrepresenting material contract terms and conditions, taking rents belonging to plaintiffs, threatening and coercing plaintiff to accept certain short sale transactions which were caused and or/facilitated by defendants [sic] unlawful conduct in breach of contracts.

(Docket #23 at ¶ 58). In each of the Counts of the Amended Complaint, Plaintiffs fail to set forth the claims against each Defendant separately. As discussed above, many of the Counts simply refer to violations by "defendants." In the Counts of the Amended Complaint in which Plaintiffs do name particular Defendants, those Defendants are named in a manner similar to that in Count I: namely, a string cite of all Defendants involved in that particular claim.

The Court further ordered Plaintiffs to set forth the underlying facts in support of each claim, <u>i.e.</u>, the "who, what, when, where and why" information. Plaintiffs have also failed to comply with this directive. An examination of the RICO claim of Count III illustrates this failure.[6] A plaintiff alleging a violation of RICO must allege at least two predicate offenses on a specified list. 18 U.S.C. §§ 1962, 1961(1) and (5). In the Amended Complaint, Plaintiffs

---

[5] Plaintiffs use acronyms to refer to the various parties throughout the Amended Complaint. This procedure has not, in any way, simplified review of this action.

[6] All of the acts that Plaintiffs identify as predicate acts for purposes of their RICO claim sound in fraud. Federal Rule of Civil Procedure 9(b) requires that a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Thus, in addition to complying with the Court's Memorandum and Order of August 27, 2012, Plaintiffs are required to plead with particularity the circumstances of these predicate acts pursuant to Federal Rule of Civil Procedure 9(b). The heightened pleading requirement of Federal Rule of Civil Procedure 9(b) "is satisfied by an averment 'of the who, what, where, and when of the allegedly false or fraudulent representation.'" <u>Rodi v. S. New Eng. Sch. of Law</u>, 389 F.3d 5, 15 (1st Cir. 2004).

identify the following conduct as a predicate act: Defendant Richard Rawson engaged in the theft of over $75,000 in rent from various Kunz properties in Fitchburg, Haverhill, Whitensville (sic), and Worcester, Massachusetts.[7] (Id. at ¶ 64). Plaintiffs allege that "on diverse dates," Rawson materially misrepresented to Plaintiffs' tenants his authority to collect certain rents and converted rents due and owing to Plaintiffs to his use and control "from 2008 through 2010." (Id. at ¶ 38). Plaintiffs' allegation does not comply with the Court's order requiring Plaintiffs to provide the Court with the "when" information. Nor does it particularize the properties that were the subject of this act, the tenants to whom his misrepresentations were made, or the contents of this misrepresentation.

The Court's directives in the Memorandum and Order of August 27, 2012 were neither ambiguous nor arbitrary. Plaintiffs' failure to comply with these directives has resulted in an Amended Complaint which fails to give Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests" or "a meaningful opportunity to mount a defense." See Diaz-Rivera, 377 F.3d at 123; Phelps, No. 09-11218-JLT, 2010 U.S. Dist. LEXIS 88007, at *13. Plaintiffs now ask this Court to incorporate into their Amended Complaint a further detailed recitation of facts and basis for claims contained in their opposition to the instant Motion. (Docket #68 at 2-3). In making this request, Plaintiffs also ask the Court not to convert the instant Motion to one for summary judgment. (Id. at 3). This request comports with neither Rule 12(b)(6) nor with the Court's directive in the Memorandum and Order of August 27, 2012. See Rivera, 575 F.3d at 15. Plaintiffs also request leave for the Court to permit Plaintiffs one additional opportunity to amend their complaint. (Docket #68 at 21). However, Plaintiffs were specifically warned that they would be given "only one opportunity to comply with the directives

---

[7] There are numerous instances in the Amended Complaint where Plaintiffs have failed to provide the "who, what, when, where, and why" information. The Court's example is simply an example of a greater course of conduct.

contained in [the] Memorandum and Order [of August 27, 2012]" and that any Amended Complaint that did not comply strictly with those directives "will result in a dismissal of this action." (Docket #7 at 12).

Accordingly, I recommend that the Amended Complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's Memorandum and Order of August 27, 2012.[8]

## III. CONCLUSION

For the foregoing reasons, I RECOMMEND that the Motion to Dismiss (Docket #58) be ALLOWED.[9]

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[8] Defendants have asserted additional reasons, including a lack of subject matter jurisdiction, for dismissing the Amended Complaint.

[9] The parties are hereby advised that, under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objections is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).